

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRIAN L. BROWN | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| A PEDONE, et al. | : | NO. 14-2717 |

**FILED**
MAY 23 2014
MICHAEL E. KUNZ, Clerk
By_____Dep. Clerk

## MEMORANDUM

**SCHMEHL, J.**                                                                 MAY ᴀᴀ , 2014

    Brian L. Brown, #05937-010, a prisoner incarcerated at United States Penitentiary Victorville, filed this civil action against numerous defendants based on events that took place at the United States Penitentiary Canaan, where plaintiff was previously incarcerated. Currently before the Court is plaintiff's motion to proceed *in forma pauperis*. For the following reasons, the Court will deny the motion pursuant to 28 U.S.C. § 1915(g).

    According to § 1915(g), a prisoner who on three or more prior occasions while incarcerated has filed an action or appeal in federal court that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, must be denied *in forma pauperis* status unless he was in imminent danger of serious physical injury at the time that the complaint was filed. *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 310-11 (3d Cir. 2001) (en banc). "[A] strike under § 1915(g) will accrue only if the entire action or appeal is (1) dismissed explicitly because it is 'frivolous,' 'malicious,' or 'fails to state a claim' or (2) dismissed pursuant to a statutory provision or rule that is limited solely to dismissals for such reasons, including (but not necessarily limited to) 28 U.S.C. §§ 1915A(b)(1), 1915(e)(2)(B)(i), 1915(e)(2)(B)(ii), or Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Byrd v. Shannon*, 715 F.3d 117, 126 (3d Cir. 2013). Plaintiff, a frequent litigator in the federal courts, had

1

accumulated at least three "strikes" for purposes of 28 U.S.C. § 1915(g) at the time he filed this action. *See, e.g., Brown v. Fed. Bureau of Prisons*, 285 F. App'x 173, 174 (5th Cir. 2008) (per curiam) (dismissing appeal as frivolous); *Brown v. Leavenworth Cnty.*, Civ. A. No. 08-3175 (D. Kan.) (Aug. 26 2008 order dismissing the complaint for failure to state a claim pursuant to 28 U.S.C. § 1915A(b)(1)); *Brown v. Fed. Bureau of Prisons*, Civ. A. No. 08-501 (D.D.C.) (Mar. 16, 2009 memorandum and order dismissing complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)). Accordingly, he may not proceed *in forma pauperis* unless he was in imminent danger of serious physical injury at the time he filed his complaint.

In assessing whether a complaint satisfies the imminent danger exception, a court must construe the allegations in the complaint in favor of the plaintiff. *Gibbs v. Cross*, 160 F.3d 962, 966 (3d Cir. 1998). However, a court may "deny leave to proceed IFP when a prisoner's claims of imminent danger are conclusory or ridiculous." *See Ball v. Famiglio*, 726 F.3d 448, 468 (3d Cir. 2013) (quotations omitted)); *see also Brown v. City of Phila.*, 331 F. App'x 898, 900 (3d Cir. 2009) (per curiam) (observing that "vague, generalized, and unsupported claims" are insufficient to establish that a plaintiff is in imminent danger).

Here, plaintiff raises *Bivens* claims against prison officials based on events that occurred in 2013, when he was incarcerated at USP Canaan. He is also raising claims against the United States under the Federal Tort Claims Act. Plaintiff alleges that, while he was incarcerated at USP Canaan, correctional officers took his property during various "shake downs" and destroyed some of that property. Plaintiff further alleges that correctional officers threatened him and assaulted him. He also challenges the conditions in which he was held, alleging that, among other things, he was housed in the Special Housing Unit, kept in a cold cell, and, at times, denied

adequate water, food, bedding, clothing, and medical care. In June of 2013, Plaintiff was transferred to USP Victorville, where he is currently incarcerated.

As plaintiff was transferred to USP Victorville in June of 2013, and was incarcerated there at the time he filed his complaint, he was not in imminent danger of serious physical injury based on the conditions at USP Canaan that form the basis for his claims. *See Palmer v. N.Y. State Dep't of Corr.*, 342 F. App'x 654, 656 (2d Cir. 2009). In other words, to the extent plaintiff was in imminent danger of serious physical injury while incarcerated at USP Canaan, he is no longer subject to that danger because he has since been transferred to a different institution. Accordingly, the Court will deny plaintiff's motion to proceed *in forma pauperis*. An appropriate order follows.